**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY MACK on behalf of herself and others similarly situated, | ) ) | 1:11-cv-9008 |
|     Plaintiffs, | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| GENERAL MOTORS FINANCIAL COMPANY, | ) | JURY DEMANDED |
| INC. f/k/A AMERICREDIT CORP., | ) | |
|     Defendant. | ) | |

**COMPLAINT**

**CLASS ACTION**

1.     Plaintiff Shirley Mack brings this action against General Motors Financial Company, Inc., formerly known as Americredit, for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.     Defendant General Motors Financial Company, Inc. f/k/a Americredit Corp. (herein collectively referred to as "GM Financial") has repeatedly called and harassed plaintiff and others' cellular telephones using an autodialer and/or artificial or prerecorded voice.

3.     Plaintiff has notified defendant that it is calling her cellular telephone, and demanded that the calls stop. GM Financial has continued to call plaintiff's cell phone using the regulated equipment, despite this demand.

**JURISDICTION AND VENUE**

4.     The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or

overruled, there is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy exceeds $5,000,000.

5.      Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

6.      Plaintiff is an individual who resides in this District. Her cellular telephone number is 773-xxx-0323.

7.      According to the website www.americredit.com, "On Oct. 1, [2011] AmeriCredit Corp. was acquired by General Motors and renamed General Motors Financial Company, Inc. (GM Financial). While our name has changed, the great service you've always known will not change. We will continue to serve you just as we always have - now and into the future.  For customers, please note that this transition does not impact your loan agreements, your payment schedule or how you remit your payments." Upon information and belief, this statement is true.

**FACTS**

8.      The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

9.      "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention."  *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

10.     GM Financial, and its predecessor Americredit, used equipment that has the capacity to dial numbers without human intervention, to dial plaintiff and others' telephone

numbers in 2011. Upon information and belief, many of the telephone numbers defendant

called using this equipment were cell phone numbers.

11.     On or about December 5, 2011, plaintiff mailed defendant a letter demanding

that calls stop. The letter also identified the phone number as a cellular telephone, and as the

phone of plaintiff.  The letter said:

**Dear GM,                                         Dec. 5, 2011**

**(AmeriCredit)**

**Please stop calling my cell phone.  Thank you.  Shirley Mack, [plaintiff's address]**

**Chicago, IL 60634 # cell – 773-[xxx]-0323.**

**Sincerely,**

**Shirley Mack**

12.     Plaintiff has no relationship defendant.

13.     Upon information and belief, based upon the fact that public records show that

there is another Shirley Mack that lives on the north side of Chicago who has multiple debt

collection judgments against her (and the fact that there is no relationship between plaintiff

and defendant), defendant obtained the phone number 773-xxx-0323 through a skip trace or

some similar third party record search, rather than from plaintiff.

14.     Upon information and belief, defendant received this letter.

15.     Defendant called plaintiff at least on the following dates and times, using

predictive dialing equipment:

        a.   November 30, 2011

        b.   December 3, 2011;

3

    c.   December 7, 2011;

    d.   December 10, 2011;

    e.   December 14, 2011;

    f.   December 17, 2011.

16.    Plaintiff and the class were damaged by defendant's calls.  Their privacy was improperly invaded, they were annoyed and were forced to tend to the unwanted calls.

# COUNT I – TCPA – Class Claims

17.    Plaintiffs incorporate all previous paragraphs of this complaint.

18.    It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

19.    Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic telephone dialing system.

20.    The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## Class Allegations

21.    Plaintiff brings Count I on behalf of a class and a subclass, which consist of:

All persons who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention and/or using an artificial or prerecorded voice, where defendant obtained the phone number it called through some source other than directly from the called party as to the alleged debt being collected, where any call happened on or after December 20, 2007, ongoing.

Plaintiff alleges a nationwide subclass of persons defendant continued to call *after* it had received notice that it was calling the wrong person, a demand to stop calling or both.

22.     Upon information and belief, based upon industry practices, defendant called more than 100 Illinois, Indiana and Wisconsin cell phone numbers during 2010, after defendant had received a demand to stop calling said phone number.

23.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

a.     Whether defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders;

b.     Whether defendant used an "artificial or prerecorded voice" as that term is used in the TCPA and applicable FCC regulations and orders;

c.     Whether a company may permissibly continue making autodialed and prerecorded voice calls after a demand to stop; and

d.     Damages, including whether the violation was willful.

24.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

25.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

27.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

28.     The identity of the class is likely readily identifiable from defendant's records.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against defendant that provides the following relief:

a.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b.     A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

c.     Any other relief the Court finds just and proper.

Respectfully submitted,

6

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke

7